IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| THOMAS FLORENCE,<br>TDCJ-CID # 654322, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. V-06-045 |
| CHRISTINA MELTON, et al., | §<br>§ | |
| Defendants. | §<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Thomas Wayne Florence, an inmate of the Texas Department of Criminal Justice -
Correctional Institutions Division (TDCJ-CID) Stevenson Unit located near Cuero, Texas, has filed
a civil rights complaint under 42 U.S.C. § 1983 naming numerous TDCJ-CID officials as
defendants.  After reviewing the pleadings filed in this action and in a related  habeas proceeding,
this court has determined that this action should be **DISMISSED** as frivolous.

**I. Claims and Allegations**

Florence's complaint and supplemental pleadings (Docket Entry Nos. 1, 3, and 8) are
voluminous, disorganized, and at times almost unintelligible.  However, a careful reading of the
actual complaint, along with the numerous attached TDCJ-CID administrative grievances, reveals
that Florence claims that he was wrongly deprived of property, denied access to the courts, and
subjected to retaliatory disciplinary actions and harassment while he was incarcerated at the
Stevenson Unit.  He contends that there was a conspiracy  against him.  He complains of a flawed
disciplinary system and points to false charges which were allegedly made against him in retaliation

for filing grievances.  Florence complains that he has been subjected to abuse for exposing violations of constitutional rights.   He contends that he cannot obtain relief through the prison grievance procedure. Florence also repeatedly complains about the lack of satisfactory responses to all of his grievances and contends that the officials are violating the regulations implemented under *Ruiz v. Estelle*.

Florence alleges that Correctional Officer Diana Torres illegally confiscated his personal property on July 23, 2005.  Florence filed a grievance protesting the confiscation, and a monetary settlement was offered but the missing items were never recovered.   Florence states that he sent complaints to senior officials throughout the prison administration but he never received a satisfactory response although the officials were aware of the actions against him.  Florence also names Property Officer Marianne Thieme as a defendant claiming that she was aware of Torres's misdeeds and sought to conceal them from discovery.

Florence alleges that Correctional Officer Elmilinda Ware was present when Torres confiscated his property on July 23, 2005.  He claims that she was also named in his grievance protesting the confiscation and that she also participated in the retaliatory charge against him.  He further alleges that she attempted to deny him access to the courts.  Florence asserts that Major Carol Monroe violated his rights by refusing to order Torres and Ware to cease their retaliatory actions against him.  Moreover, Monroe allegedly approved of the charges against Florence.  Lieutenant Jackson, a disciplinary hearing officer, violated Florence's rights by refusing to dismiss the charges. M. Gomez, a disciplinary clerk and grievance investigator, is cited for his alleged failure to report Torres's retaliation and harassment and for her role in covering up Torres's illegal actions.

2

Disciplinary Captain Hemmi is alleged to have failed to take any action in response to Torres's conduct despite being notified by mail.

Grievance Investigator Kelli Ward and Lana Podism are named as defendants because they failed to conduct a good faith investigation in response to Florence's grievances in which he asserted retaliation and violations of his rights under the First Amendment. Disciplinary Captain Tom Randolph is implicated for his alleged failure to respond effectively to Florence's complaints about Torres's retaliation and Podism's ineffective investigation. Florence also claims that Glenn Boltz, an investigator with the Office of Inspector General, failed to perform his duties although he had been notified by the DeWitt County Sheriff's Office who had forwarded Florence's letters to Boltz. Sergeant Ronald Lott of Unit Compliance is included in the complaint for failing to perform his duties in compliance with TDCJ-CID regulations concerning inmate grievances. Former Officer Crystal Irving purportedly failed to report Torres's activities and instead covered them up.

Florence complains that Law Library Coordinator Lynda Kite denied him access to the courts by harassing him and denying him legal visits. He alleges that the harassment began after he filed various grievances against her and another defendant, Law Library Security Officer Carol Veazy. Florence complains that Veazy refused to provide him with a complete copy of the TDCJ-CID Grievance Manual. There are allegations that Kite and Veazy periodically denied Florence access to the law library. Florence has also named the librarians' supervisor, Access to Courts Director Frank Hoke, as a defendant. He complains that Hoke failed to respond to inmates' complaints regarding discrimination against Hispanics and African-Americans in violation of the *Ruiz* Order.

In addition to complaints about access to the courts through the use of the law library, Florence asserts claims against officials responsible for incoming and outgoing prisoner mail. He

alleges that Mail Room Supervisor Marti Garcia interfered with his legal correspondence by opening his mail outside of his presence.  He claims that TDCJ-CID failed to adequately respond to his complaints about the alleged abuse.

Florence has presented the names of numerous upper level TDCJ-CID administrative officials in this suit.  They include TDCJ Board Chairwoman Christina Melton Crain; TDCJ Executive Director Brad Livingston; TDCJ Disciplinary Coordinator Armando Avala of Huntsville, Texas; Region IV Director Robert Treon, Region IV Assistant Director Martha Wear; Region IV Grievance Supervisor Philip Lewis, all of Beeville, Texas; and Stevenson Unit Wardens Linda Carronza and Brad Casal.  Florence contends that these officials failed to perform their duties to end the abuses by employees under their supervision.  He also argues that they did not comply with the *Ruiz* agreement and did not satisfactorily respond to the grievances submitted to them.

Florence seeks a court order for injunctive relief correcting the perceived deficiencies in the TDCJ-CID disciplinary and grievance systems.  He also seeks unspecified compensatory and punitive damages.

## II. Analysis

Florence is currently incarcerated and has filed an Application to Proceed In Forma Pauperis. Consequently, his action is subject to the Prison Litigation Reform Act (PLRA) and may be dismissed *sua sponte* if the claims are determined to be frivolous.  28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.   To state a claim under section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Moore v. Willis Independent*

*School Dist.*, 233 F.3d 871, 874 (5ᵗʰ Cir. 2000), *citing Lefall v. Dallas Independent School District*, 28 F.3d 521, 525 (5ᵗʰ Cir. 1994).

The underlying incident behind the filing of this action is Torres's supposed illegal confiscation of Florence's property.  As Florence admits, a monetary offer was made; however, Florence rejected it demanding actual return of the items.  A complaint that a guard made an unauthorized seizure of an inmate's property does not establish a cause of action where the state provides a remedy.  *Hudson v. Palmer*, 104 S.Ct. 3194 (1984); *Lewis v. Woods*, 848 F.2d 649, 651 (5ᵗʰ Cir. 1988); *see also Loftin v. Thomas*, 681 F.2d 364 (5ᵗʰ Cir. 1982).  Texas law provides an adequate remedy for unauthorized taking of property by a government official.  *See Cathey v. Guenther*, 47 F.3d 162, 164 (5ᵗʰ Cir. 1995).  Moreover, Florence was offered payment for his lost items but refused to accept the terms without explaining why they were unfair or unreasonable.  In the absence of a showing of any harm from the loss of some personal items, Florence cannot prevail.  *See Geiger v. Jowers*, 404 F.3d 371, 374 (5ᵗʰ Cir. 2005), *citing* 42 U.S.C.A. § 1997e(e).

Florence contends that he has been wrongly disciplined for filing grievances.  He has also filed a petition for a writ of habeas corpus challenging the disciplinary action.  *Florence v. Dretke*, No. V-06-046 (S.D. Tex.).  Generally, a pending habeas challenge to prison disciplinary proceedings would preclude a simultaneous civil rights action regarding such prison administrative decisions.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).  If it is shown that the habeas proceeding cannot be sustained because there is no actionable punishment there is no basis to a civil rights claim either.  *See  Sandin v. Conner*, 115 S.Ct. 2293, 2300 (1995); *Malchi v. Thaler*, 211 F.3d 953, 959 (5ᵗʰ Cir. 2000).  Moreover, Florence merely asserts that he was falsely accused of things that he did not do.  Such allegations do not support a § 1983 claim where there are no facts which would support a

5

finding that a prisoner was actually denied procedural due process in an administrative disciplinary matter.  *See Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984).

The bulk of Florence's pleadings contain a litany of allegations that officials ranging from line officers at the Stevenson Unit to top officials in Huntsville and Austin are involved in a conspiracy to retaliate against him for exercising his rights.  To establish retaliation, Florence must show: (1) that he exercised a specific constitutional right; (2) the defendants intended to retaliate against him for exercising that right; (3) that there was a retaliatory adverse act, and (4) there was "causation" behind the act.  *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003), *citing Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).  Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred."  *MacDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998), *quoting Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997) (citations omitted).

Florence's verbose pleadings do not present any alleged facts which clearly show any defendant's action against him was clearly motivated by a desire to retaliate against him.  There is no indication that he was subjected to disciplinary measures or any other adverse action simply because he filed grievances protesting prison actions and policies.  *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 320 (5th Cir. 2004) (there must be some showing that the defendants were even aware of the protected activity).  To allow such conclusory allegations to support a civil rights claim would open the litigation door for any inmate who wishes to take an otherwise insubstantial dispute into federal court.  *See Jones*, 188 F.3d at 325; *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).  Moreover, Florence has not presented any facts which show that he has been overtly

6

subjected to harassment at such a level that would support a civil rights claim.  *See Gibbs v. King*, 779 F.2d 1040 (5th Cir. 1986)

Florence's complaint regarding the perceived deficiencies in the TDCJ-CID grievance process is not actionable either because it is well settled that inmates do not have a constitutionally protected right to a grievance procedure.  *See, e.g.*, *Jones v. North Carolina Prisoners Labor Union*, 97 S.Ct. 2532, 2544 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are "constitutionally mandated"); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.").

Florence's allegations fail to establish that he has been denied access to the courts.  Prison inmates have a constitutionally protected right either to an adequate law library or to adequate legal assistance by trained personnel.  *Bounds v. Smith*, 97 S.Ct. 1491, 1498 (1977).  However, that right only enables them to file nonfrivolous legal claims challenging their convictions or prison conditions.  *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997), *citing Lewis v. Casey*, 116 S.Ct. 2174, 2182 (1996).   *Bounds* does not create a free-standing right to a law library or legal assistance.  *Lewis*, 116 S.Ct. at 2180.  Florence merely complains that he has been restricted in the amount of time he has access to the library and visits with others for legal advice.  Such restrictions may be imposed without infringing on his constitutional rights.  *See Tighe v. Wall*, 100 F.3d 41, 43

(5th Cir. 1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).  Florence's numerous grievances, in addition to the pleadings filed in this civil rights proceeding as well as his habeas proceeding, undermine his denial of access to courts claim because there is no indication that he has been prevented from filing an essential document or prosecuting a legitimate case. *Lewis,* at 355-56; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

Despite his lengthy pleadings, Florence has failed to set forth facts which show that he has been denied his constitutional rights as a convicted felon.  His repeated complaints that the defendants violated prison regulations and stipulations under *Ruiz* are not actionable. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996), *citing Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir. 1995); *Green v. McKaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986).  Moreover, a large number of the named defendants have had no contact with Florence and cannot be held individually liable for any alleged violations of his rights. *Anderson v. Pasadena Independent School Dist.*, 184 F.3d 439, 443 (5th Cir. 1999); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).  It is apparent that many of them were named in this suit because of their positions of authority.  Such officials are clearly subject to dismissal. *Eason*, 73 F.3d at 1327.

As stated above, Florence has sought permission to proceed as a pauper in this action, and a prisoner complaint filed *in forma pauperis* may be dismissed *sua sponte* if it is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  Such a complaint is frivolous if it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  This complaint is **DISMISSED** because it is frivolous.

### III. <u>Motions to Intervene - Other Parties</u>

Two other prisoners have filed Motions to Intervene (Docket Entry Nos. 10 and 12) in which they complain of alleged violations in separate incidents and administrative hearings.  The court has determined that the motions should be **DENIED** because the allegations do not share common facts which justify such action.

Florence has also attempted to include another plaintiff, George Morgan, in this action. However, the pleadings are signed by Florence alone and are almost entirely devoted to Florence's claims.  One of the purposes of the PLRA was to deter frivolous prisoner complaints by imposing economic consequences for filing such cases.  *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998).  By indiscriminately allowing other parties to join in this action, the burden and effect of the filing fee will be unnecessarily diluted.   Therefore, Morgan shall be **DISMISSED** without prejudice to filing a separate complaint in which he too shall be obligated to pay the filing fee under 28 U.S.C. § 1915(b).

### IV. <u>Application to Proceed In Forma Pauperis</u>

Florence's Application to Proceed In Forma Pauperis is **GRANTED**; however, he is obligated to pay the filing fee pursuant to the provisions of 28 U.S.C. § 1915(b).  The TDCJ Inmate Trust Fund is **ORDERED** withdraw $130.00 from Florence's trust account.  Thereafter, the Inmate Trust Fund shall deduct 20 percent of each deposit made to Florence's account and forward the funds to the Clerk of this court on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($250.00) has been paid.

## V. Conclusion and Order

The court **ORDERS** the following:

1.     The Application to Proceed In Forma Pauperis (Docket Entry No. 5) is **GRANTED**.

2.     The TDCJ Inmate Trust Fund shall collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

3.     This complaint, filed by Thomas Florence, TDCJ # 654322, is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

4.     The Motions to Intervene (Docket Entry Nos. 10 and 12) are **DENIED**.

5.     All plaintiffs and interveners are **DISMISSED**.

6.     The Clerk shall send a copy of this Memorandum Opinion and Order to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas  78711, Fax Number (512) 936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas  75702.

**SIGNED** on this 9th day of May, 2006.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE