IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| THOMAS FLORENCE, § | | |
| TDCJ-CID NO. 654322, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION V-06-045 |
| § | | APPEAL NO. 06-41338 |
| CHRISTINA MELTON CRAIN, et al., § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

The prisoner civil rights complaint filed in this action was dismissed as frivolous on May 9, 2006. The plaintiff, Thomas Florence, filed a Notice of Appeal which was received and filed by the Clerk on August 22, 2006. Florence also filed a Motion to Proceed In Forma Pauperis on Appeal which this court denied because it was not brought good faith. Docket Entry No. 53. However, the motion was granted for limited purpose of appealing this court's certification. *Id. citing Baugh v. Taylor,* 117 F.3d 197 (5th Cir. 1997).

After dismissing and reinstating the appeal regarding payment of the filing fee, the United States Court of Appeals for the Fifth Circuit remanded the case in order for this court to make a determination as to when a Rule 59(e) motion was filed. In a separate Order, this court has instructed TDCJ-CID officials to submit mail logs to ascertain when Florence surrendered documents for submission to the Clerk. The court will make a determination regarding the Rule 59(e) motion after the TDCJ-CID officials have responded.

The Fifth Circuit also remanded the action in order for this court to state its reasons for certifying that the appeal is not taken in good faith. This court found that Florence's action was

frivolous after reviewing his original complaint and two supplemental pleadings along with numerous exhibits totaling 253 pages. Florence had ample opportunity to state his best case but after three tries failed to state a claim that had any legal basis. *SeeJacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (a *pro se* plaintiff is not entitled to continue to amend his complaint until he blunders upon a viable claim). Florence claimed that he had been deprived of property, denied access to the courts, and subjected to retaliatory disciplinary actions and harassment. In general, Florence's complaint consisted of a diatribe against the TDCJ-CID disciplinary and grievance systems claiming that he was retaliated against for uncovering constitutional violations.

The confiscated property claim should have been pursued in the state courts and Florence had rejected an offer to compensate him for the lost items. Consequently, the court dismissed the claim as baseless because there was no showing of a due process violation and no physical injury had occurred. *See Hudson v. Palmer*, 104 S.Ct. 3194 (1984); *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988); *Gieger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005), *citing* 42 U.S.C. § 1997(e). Florence's disciplinary claims were dismissed after the court noted that he had simultaneously filed a habeas petition. The petition was later dismissed by the court. *See Florence v. Quarterman*, No. V-06-046 (S.D. Tex. May 24, 2006). The Fifth Circuit subsequently denied Florence's request for a Certificate of Appealability. *Florence v. Quarterman*, No. 06-41504 (5th Cir. Aug. 20, 2007).

Much of Florence's allegations focused on an alleged conspiracy to retaliate against him. The court found that the allegations were conclusory because Florence failed to establish causation and merely claimed that he was disciplined after he had complained about prison actions and policies. *See McDonald v. Steward*, 132 F.3d 225 (5th Cir. 1998); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The court further found that Florence's complaints about the supposed

deficiencies in TDCJ-CID's grievance procedures were not actionable because he did not have any constitutionally protected interest in the grievance system. *See e.g. Jones v. North Carolina Prisoners Labor Union*, 97 S.Ct. 2532, 2544 (1977).

Florence's access to courts claim was dismissed because he merely alleged that he was restricted in the amount of time he could spend in the library and in his opportunities to meet with other inmates for legal advice. The court found that there were no facts which indicated that he was effectively prevented from pursuing a legitimate prisoner claim. *See Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997), *citing Lewis v. Casey*, 116 S.Ct. 2174, 2182 (1996). Moreover, his excessive pleadings undermined his access to courts claim. *Lewis*, at 355-56; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). In addition, the court found that this action was subject to dismissal because many of the named defendants had no contact with Florence and were named merely because of their supervisory positions. *See Eason v. Thaler*, 73 F.3d 1322, 1327 (5th Cir. 1996).

Florence filed additional pleadings and exhibits (*See* Docket Entry Nos. 20, 21, 24, 25, 27, 28, 29) which accomplished nothing other than to reiterate his claims that TDCJ-CID officials were not following mandatory procedures and were retaliating against him for complaining about their noncompliance. Florence also filed pleadings (Docket Entry Nos. 37, 38, and 39) regarding the disciplinary proceedings which were the subject of his habeas action. This was followed by his Notice of Appeal and his subsequent Application to Proceed In Forma Pauperis on Appeal. The court denied the pauper's application as not being brought in good faith because to find otherwise would be inconsistent with this court's prior conclusion that Florence's claims were subject to dismissal as frivolous. *See Choyce v. Dominguez*, 160 F.3d 1068, 1071 (5th Cir. 1998). Therefore, this court certified that Florence's appeal was not brought in good faith based on its Memorandum

Opinion and Order dismissing Florence's complaint as frivolous. *See Baugh*, 117 F.3d at 202 n.21.

The Motion to Intervene (Docket Entry No. 55), filed by a third party, is **DENIED** as untimely. *See Save Our Springs Alliance Inc. v. Babbitt,* 115 F.3d 346 (5th Cir. 1997).

Florence's Motion for Injunction (Docket Entry No. 60) and Motion for Discovery (Docket Entry No. 65) are **DENIED** at this time because the case was remanded to this court for the limited purpose of making findings regarding the timeliness of a motion and this court's reasons for the certification that the appeal was not brought in good faith.

**SIGNED** on this 30th day of October, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE