IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| THOMAS FLORENCE, | § | |
| TDCJ-CID NO. 654322, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-06-045 |
| | § | APPEAL NO. 06-41338 |
| CHRISTINA MELTON CRAIN, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This civil rights action, filed by a prisoner, was dismissed on May 9, 2006, after this court determined that the claims were frivolous. The plaintiff, Thomas Florence, filed numerous motions including a Motion to Alter the Judgment under FED. R. CIV. P. 59(e). *See* Docket Entry No. 21. In response to a remand from the United States Court of Appeals for the Fifth Circuit, this court ordered the Mail Room Supervisor at the TDCJ-CID Stevenson Unit to produce a copy of the mail log for the dates between May 10, 2006, and May 24, 2006, the time period in which Florence would have filed a Rule 59(e) motion. Florence's Motion (Docket Entry No. 21) yielded no helpful information since it did not include a Certificate of Service or a dated signature and no copy of the envelope in which it was received by the courts. Generally, most *pro se* prisoner pleadings are accompanied by cancelled envelopes which aids the courts in determining when the articles were surrendered to prison officials for mailing.

In compliance with this court's Order, Marti Garcia, Stevenson Unit Mail Room Supervisor, has submitted the relevant mail logs and an accompanying affidavit. Docket Entry No. 75. The "Outgoing Legal, Special and Media Log" contains a total of nine entries for correspondence from

Florence which are listed as follows:

| Date | Recipient |
| --- | --- |
| May 11, 2006 | Offender's Complaint Dept., Quality Serv., Risk Management UTMB Galveston, TX 77555 |
| May 15, 2006 | Donna Brorby, Attorney, San Francisco, California |
| May 15, 2006 | William Karbin, U.S. Dept. of Justice, Washington, D.C. |
| May 15, 2006 | Michael Milby 312 Main St, Rm 406, Victoria, Texas |
| May 15, 2006 | TDCJ Ombudsman Austin, Texas |
| May 18, 2006 | Betty Parker U.S. District Court Tyler, Texas |
| May 23, 2006 | U.S. District Clerk, Michael Milby, Houston, Texas |
| May 23, 2006 | U.S. District Clerk, Michael Milby, Houston, Texas |
| May 24, 2006 | U.S. District Clerk, Michael Milby Houston, Texas |

Obviously, the relevant entries are those for May 15, May 23, and May 24, 2006, reflecting the correspondence sent to Milby, the Clerk for the Southern District of Texas. At first glance, it appears that the May 15 entry would be the only applicable entry as it is the only entry indicating that a motion or document was sent to Victoria. However, the record in this action reflects that Florence sent pleadings to both the Houston and Victoria Divisions. Further, there is a habeas action, *Florence v. Quarterman*, No. V-06-0112, which has a pleading (Docket Entry No. 20) which appears to have been mailed on or about May 15, 2006. Docket Entry No. 20-3. The two entries for May 23 correspond to pleadings filed in two other actions filed by Florence, *Florence v. Skinner*, No. H-07-1516 (Houston Division), and the present action. In reviewing the docket record for this action, the court notes that four documents (Docket Entry Nos. 18, 19, 20, and 21) were docketed on May 25, 2006. Attached to one of the documents is an envelope postmarked May 23, 2006, with

a Stevenson Unit return address. Docket Entry No. 18, at 10. The court concludes that all four documents were mailed in the same envelope because the available TDCJ-CID records for that period would suggest that only one envelope was mailed on that date for this action.

Under Rule 59 of the Federal Rules of Civil Procedure, a litigant has 10 business days after entry of the court's Judgment to file a Motion to Alter or Amend Judgment. FED. R. CIV. P. 59(e); FED. R. CIV. P. 6(a). The Final Judgment was entered on Tuesday, May 9, 2006. Therefore, excluding Saturdays and Sundays, Florence had until May 23, 2006, to file his Rule 59(e) motion. After reviewing the records, this court finds that the motion (Docket Entry No. 21) was timely filed.

The court now considers the merits of the Motion to Alter or Amend Judgment. As with most of Florence's numerous pleadings filed in this and other actions, the motion is verbose, repetitive, and rife with conclusory statements. Florence contends that the court dismissed his action without allowing him an opportunity to amend his complaint. As a prisoner proceeding without an attorney, Florence has a right to liberal interpretation of his civil rights pleadings, but he is also required to present facts which support a claim as a matter of law and he may not rely on conclusory statements. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993). Moreover, Florence must adhere to the Federal Rules of Civil Procedure, and he must present a complaint containing a "short and plain statement" presenting his grounds for relief. *McNiel v. United States*, 113 S. Ct. 1980 (1993); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

Florence submitted two Supplements (Docket Entry Nos. 3 and 8) to his Complaint (Docket Entry No. 1) before the court ruled on the merits of the action. In addition, Florence submitted multiple documents (*See* Docket Entry No. 14) which allegedly supported his claims. In filing over

380 pages of various affidavits and grievances along with miscellaneous prison records and correspondence, Florence apparently expected this court would dig for an actionable claim buried deep within. There are limits on what can be expected by a court. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs."). *See also Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). After spending considerable time looking for a meritorious claim, the court determined that there were none.

Florence reiterates his loss of property claim in his Rule 59(e) motion. The law is well settled that an inmate's claim that the defendants deprived him of his property does not state a cause of action where the state provides a sufficient remedy. *See Hudson v. Palmer*, 104 S. Ct. 3194 (1984); *Lewis v. Woods*, 848 F.2d 649, 651 (5th Cir. 1988). He also complains that officials did not follow state mandated procedures when disciplining him. Absent a showing of a constitutional violation, such allegations do not support a civil rights claim. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996), *citing Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir. 1995). *See also Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (unauthorized confiscation of medical pass did not rise to level of constitutional violation). Florence argues that the defendants' failure to properly handle his grievances violates his right of access to the courts under the First Amendment. Florence's argument is unfounded; a prison's refusal to entertain a grievance is not a violation of a prisoner's right of access to the courts. *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001), *citing Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991). Florence's allegation that he was disciplined for something that he did not do is also a legally baseless complaint where he has failed to allege a specific due process violation. *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984). Moreover, Florence's challenges to disciplinary proceedings cannot be sustained in a civil rights proceeding where he has failed to

show that they have been overturned. *See Edwards v. Balisok*, 117 S. Ct. 1584, 1589 (1997). Further, Florence only complains of property being taken as a result of the disciplinary action against him. *See* Docket Entry No. 21, at 16. Such penalties do not implicate any concerns protected by due process. *Sandin v. Conner*, 115 S. Ct. 2293, 2300 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Florence attempts to assert that he was denied access to the courts but the sheer volume of his pleadings, in addition to the TDCJ-CID records reflecting outgoing correspondence, belie this allegation. *See Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988).

Florence's remaining claims concern allegations of retaliation. In order to establish such a claim, Florence must show that (1) he exercised a specific constitutional right, (2) one or more of the defendants intended to retaliate against Florence for his or her exercise of that right, (3) one or more retaliatory adverse acts, and (4) causation. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006). "Causation requires a showing that 'but for the retaliatory motive the complained of incident . . . would not have occurred.'" *MacDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998), *quoting Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Florence's allegations relating to his retaliation claims mainly rely on his beliefs and the circumstances related to adverse disciplinary actions which were taken against him after he filed grievances. Such assertions generally are insufficient to establish a claim of retaliation. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). The courts are cautious when considering prisoner claims of retaliation due to the multitude of grievances and displianry actions filed in the prisons daily. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). *See also Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) ("[W]e recognize both the near inevitability of decisions and actions by prison officials to which prisoners will take exception and the ease with which claims of retaliation may

be fabricated, we examine prisoners' claims of retaliation with skepticism and particular care."). Consequently, this court previously found that Florence's facts alone were insufficient to support a retaliation claim.

Generally, the court may dismiss an inmate's civil rights action, without further notice, if it appears that the inmate has stated his best case.  *See Bazrowx v. Scott,* 136 F.3d 1053, 1056 (5th Cir. 1998).  In light of Florence's extensive pleadings, the court is confident that he has stated all relevant facts and has otherwise managed to vent his frustrations with the perceived injustices of the penal system, but has not stated a viable claim.  In the interest of justice, the court **ORDERS** Florence to provide specific and succinct answers to the following inquiries relating to his claims of retaliation.  Florence is further **ORDERED** to provide only facts which are relevant to each question without any legal citations or conclusions.  No answer to any single question may exceed forty (40) words unless otherwise noted in the question. Any answer exceeding this word limitation will be stricken.

(1)  Exactly what have you done or supposedly done for which the defendants retaliated against you?  How do you know that is the behavior you suffered the retaliation for?

(2) List the grievances for which you believe the defendants retaliated against you. For each grievance, give the filing date, the person you filed against, and a brief description of the subject matter.  [Limit - thirty (30) words per grievance]

(3) For each defendant, briefly list everything that you are claiming that the defendant has done as retaliation against you and the date of each occurrence.  [Limit - thirty (30) words per defendant]

(4)  Give specific facts which lead you to believe that the defendants' acts were done in retaliation against you and not for some other reason.  (Limit - 100 words.)

(5)  Did any defendant ever tell you that because of your actions you will suffer any consequences?  If so, state when this was said, who said it, to whom it was said, what exactly was said, and what consequences were stated that you would suffer.

(6) List every disciplinary-related action that you are claiming that the defendants have brought in retaliation against you and the date of each occurrence.  (You do not need to provide a copy of the disciplinary reports; however, you may make reference to a report if you have previously submitted a copy if you can specify when and in which docket entry it was submitted.)

Florence is **ORDERED** to submit the responses by copying each question as posed by the court and writing the answer under each question, in numbered paragraphs corresponding to each question.  Florence must also include in his answer the following affirmation:  "I swear under penalty of perjury that these answers are true and correct to the best of my knowledge."

Florence is further **ORDERED** to submit his responses to the Clerk within thirty (30) days of entry of this Order.  Forence's Rule 59(e) motion shall be held under advisement until the court has had an opportunity to evaluate Florence's responses.  <u>Failure to comply as directed may result in the dismissal of this action</u>.

Florence filed a motion (Docket Entry No. 66) in which he seeks return of his filing fee based on the Fifth Circuit's remand Order instructing this court to state its reasons for certifying that the appeal is not taken in good faith.  Florence contends that fee was prematurely imposed.  Florence is incorrect.  Under the Prison Litigation Reform Act (PLRA), a prisoner who has been granted

permission to proceed as a pauper is still obligated to pay the appellate filing fee when he files an appeal. *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000), *citing Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997) ("Section 1915(b)(1) provides that 'if a prisoner brings a civil action or *files* an appeal in forma pauperis, the prisoner *shall* be required to pay the full amount of a filing fee.'"). The PLRA allows an impecunious inmate to defer payment of court fees; it does not release him from his duty to the pay the fees when there are funds available to him at some future date. *See Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) . The motion shall be denied.

Inmate Harold Rice, a nonparty, has filed a document (Docket Entry No. 72) that has been liberally construed as a motion challenging the court's prior Order denying leave to intervene. *See* Docket Entry No. 67. The motion shall be denied because it does not comply with requirements of FED. R. CIV. P. 24(c).

Florence has filed a Motion for Recusal (Docket Entry No. 76) in which he complains that the court has arbitrarily dismissed his complaint and has denied his Application to Proceed In Forma Pauperis on Appeal . The motion will be denied because adverse judicial rulings alone do not warrant recusal. *Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994); *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993).

Florence has also filed a motion (Docket Entry No. 76) in which he seeks to withdraw his Application to Proceed In Forma Pauperis on Appeal. He contends that the motion should be withdrawn until the Fifth Circuit has made a determination as to whether it has jurisdiction over the proceeding. He also requests that funds that have been previously withdrawn from his prisoner account be returned to him. Florence was required to pay the filing fee act on the day he filed his appeal and he cannot escape his obligation by attempting to withdraw his pauper's application. *See*

*Hatchet*, 201 F.3d at 654.  The motion will be denied.

### Findings and Order

The court **FINDS** Florence's Rule 59(e) motion was filed timely and that Florence should be allowed an opportunity to state additional facts regarding his retaliation claim.

The court **ORDERS** the following:

1. Florence's Motions for: Return of Property (Docket Entry No. 66), Recusal (Docket Entry No. 76), and Withdrawal of Pauper's Status on Appeal (Docket Entry No. 78) are **DENIED**.

2. Rice's Motion for Intervention (Docket Entry No. 72) is **DENIED**.

3. Florence shall file responses to the inquiries contained in this Order within thirty days of the date of this Order.

4. Florence's Rule 59(e) motion is **HELD** under advisement pending his timely response to the inquiries contained in this Order.

**SIGNED** on this 17th day of December, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE