IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| THOMAS FLORENCE, | § | |
| TDCJ-CID NO. 654322, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION V-06-045 |
| | § | APPEAL NO. 06-41338 |
| CHRISTINA MELTON CRAIN, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This prisoner civil rights action was previously dismissed as frivolous and was remanded for this court to make a determination as to whether Rule 59(e) motion (Docket Entry No. 21) had been timely filed. After reviewing documents from TDCJ-CID, this court, in a prior Memorandum Opinion and Order (Docket Entry No. 81), concluded that the motion was timely and held it under advisement. The court also ordered TDCJ-CID inmate Thomas Florence to respond to six questions to allow Florence an opportunity to set forth facts in support of his retaliation claims. *Id.* Instead of complying with the court's instructions, Florence filed a Motion for Discovery and Motion for Production of Documents. *See* Docket Entry Nos. 83 and 84. He also filed a "Motion for Leave to File State Law Documents" (Docket Entry No. 86), a "Motion to File an Additional Memorandum of Court Order State Law Claims" (Docket Entry No. 87), and a "Motion for Leave to File Amicus Curiae Advisory" (Docket Entry No. 88). Florence finally filed a response to the court's order, which was styled "Objections to Court's Memorandum and Order in Part and Response to the Court Order to State Specific Facts as Directed. *See* Docket Entry No. 89. He then filed a "Motion for Leave of Court to File Exhibits (Docket Entry No. 90). The court has reviewed the motions,

objections, and response.  Having given liberal interpretation to Florence's *pro se* pleadings, the court has determined that the motions, including Florence's Rule 59(e) motion should be denied.

## I. <u>Florence's Motions</u>

As stated above, this action was dismissed as frivolous after the court reviewed Florence's initial complaint and supplemental pleadings (Docket Entry Nos. 1, 3, and 8).  Florence filed a Rule 59(e) motion and a subsequent notice of appeal.  Upon remand to determine whether the Rule 59(e) motion was timely, this court held this action for the express purpose to allow Florence another opportunity to state his best case regarding his allegations that TDCJ-CID officials had  retaliated against him.

Florence's motions for discovery and production of documents (Docket Entry Nos. 83 and 84) are misplaced.  The defendants have not been served and are entitled to protection from vexatious and unnecessary discovery requests from prison inmates filing frivolous complaints.  *See Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996); *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).  As will be discussed below, Florence's arguments are legally baseless and his requests for discovery and production will be denied.

Florence's other motions (Docket Entry Nos. 86, 87, 88, and 90) are concerned with adding additional state law claims.  Apart from being non-responsive to the court's orders, the motions seek to raise issues outside of the federal civil rights claims originally asserted in this action.  The motions will be denied because the underlying federal claims have no legal basis.  *See Flores v. County of Hardeman, Tex.*, 124 F.3d 736, 739 (5th Cir. 1997).

## II. <u>Florence's Responses</u>

The court instructed Florence to answer the following questions:

2

(1) Exactly what have you done or supposedly done for which the defendants retaliated against you?  How do you know that is the behavior you suffered the retaliation for?

(2) List the grievances for which you believe the defendants retaliated against you.  For each grievance, give the filing date, the person you filed against, and a brief description of the subject matter.  [Limit - thirty (30) words per grievance]

(3) For each defendant, briefly list everything that you are claiming that the defendant has done as retaliation against you and the date of each occurrence.  [Limit - thirty (30) words per defendant]

(4) Give specific facts which lead you to believe that the defendants' acts were done in retaliation against you and not for some other reason.  (Limit - 100 words.)

(5) Did any defendant ever tell you that because of your actions you will suffer any consequences?  If so, state when this was said, who said it, to whom it was said, what exactly was said, and what consequences were stated that you would suffer.

(6) List every disciplinary-related action that you are claiming that the defendants have brought in retaliation against you and the date of each occurrence.  (You do not need to provide a copy of the disciplinary reports; however, you may make reference to a report if you have previously submitted a copy if you can specify when and in which docket entry it was submitted.)

*See* Docket Entry No. 81, at 6-7.

After filing numerous motions and twelve pages of objections (Docket Entry No. 89, at 1-12), Florence submitted a twelve page response.  *Id*. at 13-24.  In response to the first question, Florence asserted that he was retaliated against for exercising his First Amendment "right to seek redress from the courts for use of the state's created and federal ordered grievance system assisting other inmates and exposing the unconstitutional violations." *Id*. at 13.  He then states that he knows that is the behavior for which he was punished because "DHO Randolph [Captain Tom Randolph, a disciplinary hearing officer] stated in his office that you're drawing heat on use [sic] Florence you see you can't win and other similar statements from Stevenson prison staff, and actions of staff and Diana Torres Ordonez." *Id*.

In response to the second question, Florence first presents a list of fifteen grievances and

refers to others that were filed since his appeal to the Fifth Circuit.  *Id*. at 14.  He states that all were filed against defendant Diana Torres-Ordonez[1] and alleges that Torres-Ordonez began to harass and retaliate against him when he filed reports against her.  *Id*.  *See also* Docket Entry No. 89, at 18. He states that Torres-Ordonez eventually filed false disciplinary cases against him.  *Id*.  Florence then alleges that defendants Crystal Irving, Marianne Theime-Wilson, and Lana Podism gave false responses to his grievances in order to cover up Torres-Ordonez's retaliatory acts.  *Id*. at 14.  He also states that Warden Brad Casal, Captain Randolph, and Officer M. Gomez (a disciplinary clerk) retaliated against him by delaying a disciplinary hearing and by denying him statements helpful to his defense.  *Id*.  *See also* Docket Entry No. 89, at 17.

Florence then lists an additional eight grievances which he filed against Unit Law Library Officers Lydia Kite and Carol Veazy.  *Id*., at 14-15.  He alleges that Kite and Veazy retaliated against him for filing grievances concerning interference with access to the courts and denial of legal visits.  *Id*.  Florence complains that Kite and Veazy  would  schedule law library visits which conflicted with his Muslim Jumah services and thereby denied him access to the courts.  *Id*. *See also* Docket Entry No. 89, at 18.  He also complains that Podism,Warden Casal, and Warden Linda Carronza covered or glossed over the alleged infractions.  *See also* Docket Entry No. 89, at 16-17. Included with Florence's response is a copy of Warden Casal's response to a grievance filed by TDCJ-CID inmate George Morgan concerning the scheduling conflict between a law library session and his Jumah service.  *See Grievance Exhibit*, Docket Entry No. 89. Casal states in his response that Morgan must choose which session he wants to attend and that he has access to the law library

---

[1] Florence's original pleadings identified Diana Torres as one of the defendants.  In his responses he refers to her as Diana Torres Ordonez.  The court will refer to her as Torres-Ordonez for the sake of clarity.

for ten hours each week outside of Jumah service hours.  *Id.*  Florence alleges that Veazy filed a false case against him.  He also states that Kite and Veazy interfered with his access to courts by hindering the filing of documents thereby causing dismissal of the appeal in this action.   Docket Entry No. 89, at 15.  Florence contends that Captain Randolph colluded with Kite and Veazy by agreeing to prosecute the disciplinary cases they filed against him.  *Id.* at 16.  Florence also implicates Wardens Casal and Carronza by asserting that they pursued false disciplinary actions against him after he exposed constitutional violations at the prison unit.  *Id.* at 19.

Florence names Correctional Officer Bliesing as a defendant.  Bliesing, who is purported to be Veazy's nephew, is alleged to have filed a false disciplinary charge against Florence and to have stated, "We'll keep you here with us Florence.  *Id.* at 16.  DHO Gonzalez is alleged to have assisted Bliesing in the false disciplinary action by finding Florence guilty as charged.  *Id.*

Florence names Correctional Officer Elmilinda Ware as defendant claiming that she condoned Torres-Ordonez's acts.  *Id.*, at 16.  He also alleges that Ware confiscated legal documents and harassed him.  *Id.* at 19.  Florence alleges that she began retaliating against him when he filed a grievance against her.  *Id.* at 16.

With regard to the third question, Florence reiterates his allegations of numerous disciplinary actions which he claims were false as well as a systematic cover-up campaign.  *See id.* at 18-20.  He also repeats his allegation of denial of access to the courts and seizure of materials.  *Id.*  He further alleges that defendants deliberately ignored the constitutional violations that occurred and opened his mail.  *Id.* at 21.

Florence answers the fourth question regarding facts supporting his belief that he was being retaliated against by observing that the adverse actions did not commence until he filed grievances

regarding the illegal taking of his property. *Id.* He alleges that the retaliation began with the filing of false disciplinary charges and then escalated with various defendants assisting in filing additional charges against him. *Id.* at 21.

With regard to the fifth question concerning statements from the defendants which indicated that he would suffer consequences for his actions, Florence alleges numerous instances of veiled threats and verbal abuse. *Id.* at 22. He states that Veazy told him that they were going to keep him there and that Podism warned that he would be sanctioned if he continued to abuse the grievance system. *Id.* Carronza supposedly told him, "We're gone [sic] break you sooner are [sic] later Florence at U.C.C." *Id.* Bliesing also made threats and warned Florence that he was not going to be getting away with his behavior. *Id.* Finally, Florence alleges that Torres-Ordonez called him a 'piece of sh-t' on several occasions and taunted him by stating that he would remain in prison for thirty-five years.[2] *Id.*

### III. Analysis

In order to assert a valid claim for retaliation in a prisoner civil rights suit under 42 U.S.C. § 1983, a plaintiff must establish: "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006), *citing McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). "Causation requires a showing that 'but for the retaliatory motive the complained of incident ... would not have occurred." *MacDonald*, 132 at 231, *citing Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997). It is not enough for a plaintiff to assert that he suffered

---

[2] Florence is serving a thirty-five year sentence pursuant to a possession of controlled substance (cocaine) conviction out of Galveston County, Texas.

adverse consequences after exercising a right. *Enlow v. Tishomingo County, Miss.*, 45 F.3d 885, 889 (5th Cir. 1995).  He must present facts which demonstrate that the defendants would not have taken the adverse actions unless they had a specific motivation to retaliate against him.  *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996).  *See also Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), *citing Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988).

Florence contends that he was retaliated against for filing grievances and generally complains  about the alleged failure of the TDCJ-CID officials to respond to his grievances in a favorable manner.  Although Florence has a right to file grievances regarding perceived injustices there is no guarantee that he will receive a satisfactory answer.  *See e.g. Brown v. Craven*, 106 Fed.Appx. 257 (5th Cir. 2004).  Moreover, Florence cannot assert a claim of retaliation for filing a baseless grievance against a prison official.  *Id*. at 258, *citing Johnson v. Rodriguez*, 110 F.3d at 311. As stated in this court's prior Memorandum Opinion and Order (Docket Entry No. 14), the incident which apparently instigated the confrontation with  Ordonez-Torres and the other defendants concerned an alleged confiscation of property by Torres-Ordonez which TDCJ-CID attempted to remedy by offering monetary compensation which Florence rejected. *Id.*, at 5.  Florence's complaint regarding the loss of some personal items does not amount to a constitutional claim which merits a response by TDCJ-CID or the courts.  *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005), *citing* 42 U.S.C. § 1997e.

Florence further complains that he was retaliated against for filing grievances regarding his right of access to the courts and for assisting others with their grievances.  His prolific record of

litigation in the Southern District of Texas[3] clearly repudiates his claim that he was denied access to the courts.  *See Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988).  Although the appellate record in this action indicates that Florence's appeal was dismissed for want of prosecution regarding the filing fee, he was able to quickly remedy his problem by showing that he did submit an Application to Proceed In Forma Pauperis.  Florence's facts only demonstrate that there was a mistake regarding his pleadings and do not show that any official intentionally interfered with his right of access to the courts.  *See Green v. Dretke*, 176 Fed.Appx. 606 (5th Cir. 2006).  Florence's allegation that he was punished for assisting other inmates in filing grievances does not support a retaliation claim because he does not have a right to counsel or give advice to other inmates regarding legal matters.  *Shaw v. Murphy*, 121 S.Ct. 1475, 1477 (2001); *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996).  *See also Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (". . . in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer.").

Florence's complaints regarding scheduling conflicts to use the law library and conduct legal visits is also of no avail.  The fact that Florence had to choose between a religious service and time to do legal work does not indicate that he was prevented from exercising a constitutionally protected right.  *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (limiting prisoner to five hours of library time a week did not violate his constitutionally protected right of access to the court); *Cancel v. Mazzuca*, 205 F.Supp.2d 128, 142 (S.D.N.Y. 2002) ("missing one religious service does not constitute a substantial burden on an inmate's right to the free exercise of his religion.").  *See also Lewis v. Casey*, 116 S.Ct. 2174, 2180 (1996) (inmates do not have a free-standing right to use the

---

[3] Florence has submitted over forty-five documents in this action alone.  He has also filed at least eight other civil rights complaints or habeas petitions in the Southern District.

law library at will); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (Some restrictions may be placed on an inmate's access to a law library.).

Florence recalls numerous verbal confrontations with multiple TDCJ-CID officials. Although the exchanges could hardly be characterized as cordial, they do not contain any clear threats of retaliation and Florence cannot assert an actionable claim merely because he was insulted or may have felt intimidated by the officials' angry remarks. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). Florence's facts indicate that he occasionally antagonized various officials who may have initiated disciplinary action against him for his activities including the filing of multiple grievances of dubious merit.  Such actions are not a violation of an inmate's constitutional rights where he has apparently abused the grievance system.  *See Johnson v. Rodriguez*, 110 F.3d at 311-12; *Brown v. Craven*, 106 Fed.Appx. at 258.  It is well established that prison officials have a duty to maintain order within their facilities and may impose restrictions and disciplinary measures to fulfil their obligations, even if the actions impinge on a prisoner's First Amendment rights.  *See Jones v. North Carolina Prisoners' Labor Union, Inc*., 97 S.Ct. 2532, 2541 (1977).

Florence has only shown that he was punished after he had filed numerous grievances.  He has not provided sufficient facts to clearly demonstrate that the actions were taken solely for the purpose to retaliate against him for exercising a constitutionally protected right. *See Enlow*, 45 F.3d at 889.  Therefore, after reconsidering Florence's pleadings including his More Definite Statement, this court has concluded that Florence has failed to assert a civil rights complaint with any legal basis and will deny his Rule 59e motion.

## IV. <u>Conclusion</u>

The court **ORDERS** the following:

1.      Florence's Motion for Extension of Time (Docket Entry No. 85) is **GRANTED**.

2.      All other motions (Docket Entry Nos. 21, 83, 84, 86, 87, 88, and 90) are **DENIED**.

3.      In accordance with the Order of the Fifth Circuit Court of Appeals (Docket Entry No. 63), the Clerk shall return this case to the Fifth Circuit for further proceedings in that Court.

**SIGNED** on this 14th day of March, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE