IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| THOMAS FLORENCE,<br>TDCJ-CID NO. 654322,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTINA MELTON CRAIN, et al.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL ACTION V-06-045<br>APPEAL NO. 06-41338 |

**MEMORANDUM OPINION AND ORDER**

Thomas Wayne Florence, a TDCJ-CID inmate with a history of litigation against the prison system, filed a prisoner civil rights complaint against TDCJ Board Chair Christina Melton Crain and twenty-five other prison officials. The Court dismissed his complaint as frivolous and certified that his appeal was not brought in good faith. The Court's determination regarding the appeal was primarily based on the frivolous claims presented in Florence's Original Complaint (Docket Entry No. 1) and his supplement filings as well as his filings in other federal proceedings.

Florence alleged that he was wrongly deprived of property, denied access to the courts, and subjected to retaliatory disciplinary actions and harassment. Florence's complaint focused on the alleged confiscation of his personal property and his rejection of the prison officials' offer to compensate him for it. His other claims originate from the disciplinary proceedings and the alleged retaliatory measures taken against him for filing grievances regarding the confiscation. Florence complained of perceived flaws in the disciplinary and grievance system and claimed that TDCJ-CID officials were involved in a plot to cover up the purported violations. In addition, he contended that he had been denied access to the courts when officials opened his correspondence. Florence also argued that there were violations of the prison regulations issued pursuant to the *Ruiz v. Estelle*

decree.

In dismissing this action as frivolous, the Court noted that Florence's property claims were not actionable in a civil rights proceeding. *Hudson v. Palmer*, 104 S. Ct. 3194 (1984). Florence's refusal to accept the offer to settle further undermined his claim because he failed to avail himself of the available remedies provided by the TDCJ-CID. *See Wilson v. Johnson*, 129 Fed. Appx. 116, 117 (5th Cir. 2005) (citing *Cathey v. Guenther*, 47 F.3d 162, 164 (5th Cir. 1995)). Florence, an experienced *pro se* litigant[1], submitted lengthy pleadings including an original complaint and two supplements totaling more than 300 pages, including supporting documents. Despite having an ample opportunity to state his claims, Florence failed to assert facts which established that the Defendants retaliated against him for exercising a constitutionally protected right. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Moreover, Florence had previously filed a prisoner civil rights complaint in which his retaliation claims were rejected as frivolous. *See Florence v. Deel*, No. 6:05cv307 (E.D. Tex. Feb. 15, 2006).

The Court found that Florence's allegations regarding the prison disciplinary proceedings were not actionable because there was also a pending habeas action challenging the same proceedings. *See Florence v. Dretke*, No. V-06-46 (S.D. Tex. May 24, 2006). Further, Florence failed to show that he had been subjected to an "atypical, significant" deprivation. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995). Florence's denial of access to the courts claim was insupportable because he failed to present any facts which showed that he had been prevented from

---

[1] Prior to filing the complaint in this action, Florence had filed two petitions for writs of habeas corpus, *Florence v. Johnson*, No. SA-99-CA-107-EP (W.D. Tex. Feb. 1, 2000) (transferred from Galveston, dismissed for failure to exhaust); *Florence v. Director*, No. 6:01CV568 (E.D. Tex. Mar. 6, 2002) (dismissed as meritless); and two prisoner civil rights complaints *Florence v. Dretke*, No. 6:05CV149 (E.D. Tex. Aug. 24, 2005) (voluntary dismissal); *Florence v. Deel*, No. 6:05cv307 (E.D. Tex. Feb. 15, 2006) (dismissed as frivolous, appeal dismissed as frivolous, Fifth Circuit, No. 40465, second strike under 28 U.S.C. § 1915(g)). Subsequent to filing the complaint in this proceeding, he has filed more prisoner complaints and petitions in the federal courts.

pursuing a non-frivolous claim in court. *See Ruiz v. United States.*, 160 F.3d 273, 275 (5th Cir. 1998). Florence only complained about the restrictions placed upon him in using the library and in consulting with other prisoners. Such restrictions did not violate his constitutional rights. *See Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). Florence's allegations regarding the alleged deficiencies in the TDCJ-CID grievance procedures did not establish a claim because a prison's refusal to entertain a grievance is not a violation of a prisoner's right of access to the courts. *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (citing *Flick v. Alba*, 932 F.2d 728 (8th Cir. 1991)). Further, a claim cannot be established against TDCJ-CID officials for allegedly violating prison policies. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).

The Court denied Florence's Application to Proceed *In Forma Pauperis* on Appeal due to the frivolous claims presented in his complaint and Florence's litigation history. *See Moody v. Miller*, 864 F.2d 1178, 1181 (5th Cir. 1989) (court had discretion to impose sanctions due to prisoner's litigation history). For the reasons stated in this Memorandum Opinion and Order as well as those stated in the Memorandum Opinion and Order dismissing the complaint as frivolous (Docket Entry No. 14), the Court certified that the appeal was not taken in good faith.

**SIGNED** on this 26th day of September, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE